2009 OK 8

### STATE of Oklahoma ex rel., OKLAHOMA BAR ASSOCIATION, Complainant,

v.

### Ronald Wayne PHELPS, Respondent.

### SCBD No. 5481.

Supreme Court of Oklahoma.

Jan. 26, 2009.

---

### ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS

¶ 1 Before this Court is an affidavit filed by Ronald Wayne Phelps in the above-styled

bar disciplinary action, pursuant to Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S. ch.1, App. 1A, requesting that he be allowed to resign his membership in the Oklahoma Bar Association and relinquish his right to practice law, and Complainant's Application for Order Approving Resignation Pending Disciplinary Proceedings.

¶2 **UPON CONSIDERATION OF THE MATTER WE FIND:**

1.  Respondent Ronald Wayne Phelps executed his resignation pending disciplinary proceedings on November 26, 2008.

2.  Respondent's resignation was freely and voluntarily tendered; he was not acting under coercion or duress and he was fully aware of the consequences of submitting his resignation.

3.  Respondent was aware that the following grievances were lodged with the Office of the General Counsel of the Oklahoma Bar Association and are presently being investigated:

    DC 07–297 alleging that he was charged in the District Court of the United States for the District of South Carolina Greenville Division with Count One– Wire Fraud in violation of 18 U.S.C. § 1343 having knowledge of the actual commission of a felony and concealment of the same. He waived indictment and pled guilty on March 30, 2006 to Information charging Misprision of Felony in violation of 18 U.S.C. § 4. On June 7, 2007, as a result of this plea, he was sentenced to Probation for a term of one year. This conviction is a violation of Rules 8.4(b) and 8.4(c), Oklahoma Rules of Professional Conduct, and Rule 1.3 of the Rules Governing Disciplinary Proceedings, and facially demonstrates his unfitness to practice law.

4.  Respondent was aware that the burden of proof regarding the aforementioned complaints rests upon the Oklahoma Bar Association. Respondent waived any and all rights to contest the allegations.

5.  Respondent was aware that the complaints lodged and being investigated concerning his conduct, if proven, would constitute violation of the Oklahoma Rules of Professional Conduct and the Oklahoma Rules Governing Disciplinary Proceedings.

6.  Respondent has agreed to comply with Rule 9.1, Rules Governing Disciplinary Proceedings, and acknowledges that he may be reinstated to practice law only upon compliance with the conditions and procedures prescribed by Rule 11, Rules Governing Disciplinary Proceedings.

7.  Respondent recognizes and agrees that he may not make application for reinstatement to membership in the Oklahoma Bar Association prior to expiration of five years from the date of this order.

8.  Respondent acknowledges that as a result of his conduct that the Client Security Fund may receive claims from his former clients.

9.  Respondent has agreed to reimburse the Client Security Fund the principal amounts and applicable statutory interest for any claims the Oklahoma Bar Association should approve, with the payments being made prior to the filing of any application for reinstatement.

10.  Respondent agrees that costs have been incurred by the Oklahoma Bar Association in the investigation of the above stated matters in the amount of $172.55 and has paid said amount to the Oklahoma Bar Association on November 26, 2008.

11.  Respondent acknowledges and agrees that he is to surrender his Oklahoma Bar Association membership card to the Office of the General Counsel contemporaneously with his resignation but that

he has not been able to locate it and considers it lost. If located he will immediately provide it to the office of the General Counsel.

12. The resignation pending disciplinary proceedings executed by Respondent is in compliance with Rule 8.1, Rules Governing disciplinary Proceedings, 5 O.S. ch.1, App. 1A.

13. Respondent's name and address appear on the official roster maintained by the Oklahoma bar Association as: Ronald Wayne Phelps, OBA # 7108, P.O. Box 850374, Yukon, OK 73085–0374

14. Respondent's resignation should be approved.

¶3 IT IS THEREFORE ORDERED THAT Complainant's application and Respondent's resignation be approved.

¶4 IT IS FURTHER ORDERED THAT Respondent's name be stricken from the Roll of Attorneys, and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to the lapse of five years from the date of this order.

¶5 IT IS FURTHER ORDERED THAT Respondent comply with Rule 9.1 of the Rules Governing Disciplinary Proceeding, 5 O.S. ch.1, App. 1A.

¶6 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS *26th* DAY OF JANUARY 2009.

/s/James E. Edmondson
CHIEF JUSTICE

ALL JUSTICES CONCUR.